ALBANY,
April, 1833.

The People
v.
Mason.

THE PEOPLE *vs.* J. MASON & S. MASON.

Where property is burglariously stolen in one county, and the offender is apprehended and committed for such offence to the jail of another county, if he is indicted in the county where the property was stolen, this court will, on the application of the district attorney of that county, award a *habeas corpus* to bring up the prisoner, so that he may be delivered to the sheriff of the county within which the property was stolen, and there tried.

In such a case, the sheriff of the county where the prisoner is confined is authorized, on the production of a bench warrant, issued by a judge of the county courts where the prisoner was indicted, duly endorsed by a justice of his own county, to deliver the prisoner to the sheriff of the county where the property was stolen.

AT a former special term of this court, *E. Livingston*, dis- April 18. trict attorney of the county of *Albany*, applied for a *habeas corpus*, to be directed to the sheriff of *Saratoga*, to bring up the prisoners in this case confined in the jail of that county. The court took time to advise, and at a subsequent day the following opinion was delivered by the CHIEF JUSTICE, which, fully detailing the facts in the case, the reader is referred to :

The defendants were indicted in March last in the county of Albany, for a burglary committed in that county, and a bench warrant was issued for their arrest. The sheriff of Albany, to whom it was delivered, being informed that the defendants were confined in the jail of Saratoga county for the same offence, repaired to that county, and having procured his warrant to be endorsed by a justice of the peace of that county, presented it to the keeper of the jail, in whose custody the defendants were, and demanded their deliverance to him. The keeper admitted that the defendants were in his custody upon a charge of an offence alleged to have been committed in the county of Albany, and that they were not charged with any other offence, nor were they indicted, but refused to deliver them up.

There can be no doubt that the sheriff had lawful authority to arrest the defendants in the county of Saratoga, had they been found at large in that county. The revised statutes, 2 *R. S.* 728, § 55, authorize the issuing of a bench warrant by any judge of the county courts of the county in

ALBANY,
April, 1833.

The People
v.
Mason.

which an indictment has been found; and the warrant so issued may be endorsed by a justice of another county, and then may be executed in such county. 2 R. S. 706, 7, § 4, 5, 7, 10, 11, 12. 3 id. (App.) 159, § 56. Where an offender is thus arrested, the statutes contemplate his being carried before an officer of the county where the offence was committed, particularly if the offence be capital, or punishable with imprisonment in the state prison. Where property has been burglariously stolen and carried into a different county from that in which the burglary was committed, the offender may be tried for the larceny and burglary in the county into which the property has been brought. 2 R. S. 727, § 50. Whether the property stolen by the defendants in Albany was carried into Saratoga, does not appear from the affidavit before the court; but probably the fact was so. Suppose the stolen property to have been found upon the defendants, was it the duty of the sheriff of Saratoga to have delivered the prisoners to the sheriff of Albany upon the warrant? The sheriff of Saratoga held them, it is presumed, upon a proper warrant or mittimus, which required him to safely keep the prisoners until discharged by due course of law. There being no charge against them but the offence committed in Albany, it is most proper that they should be tried in Albany where the offence was committed. They may indeed be tried in Saratoga; but as an indictment has been found in Albany, and not in Saratoga, the presumption is that the witnesses reside in Albany, and public convenience will be promoted by a trial in that county. The indictment being found in Albany, the warrant being regularly endorsed in Saratoga, the sheriff of Albany was legally authorized to receive the prisoners; there being no other charge against them, the sheriff of Saratoga would, in my opinion, be justified in delivering them over to the sheriff of Albany. Such delivery, under such circumstances, would be a compliance with the directions of the warrant by which they were committed to his custody. It is the due course of law to surrender, according to authority of law, prisoners arrested in one county, to be tried in the county where the offence was committed, and where alone they have been indicted. There is, however, no positive direction in the statutes on the subject;

it is not affirmatively made the duty of one sheriff to deliver prisoners to another sheriff under such circumstances—according to the preceding views, he would be justified in so doing. But an officer ought not to be left in doubt in such a case, nor be required at his peril to adjudge whether the circumstances of the case will justify him in such a course. His situation is embarrassing. He may not always know whether an indictment has been found in his own county, nor whether that fact would alter the course which he ought to pursue. If an indictment has not been found, the sheriff is justified in presuming that one will be found at the first meeting of a grand jury after the commitment. Prudence, therefore, would seem to dictate to the officer the propriety of keeping his prisoners until a trial, or a discharge by a court of competent jurisdiction. It is much to be regretted that no legislative provision has been made for such a case. Under the circumstances of the case, and consideration of the statutes as they exist, I am of opinion that the sheriff of Saratoga would have been justified in delivering up the prisoners, but he was not bound to do so, nor censurable for retaining them.

The only remedy therefore left to the public prosecutor is the writ of *habeas corpus*, which he now moves for, to bring up the prisoners, that they may be delivered to the sheriff of Albany, and tried in the county where they are already indicted. Provision is made in the revised statutes for the issuing the writ of *habeas corpus* on the application of the attorney general or district attorney. 2 R. S. 574, § 77, 79. The circumstances under which it is necessary or proper to issue the writ on the application of the public prosecutor are not specified in the statute, but are necessarily left to the discretion of the court. This is a case for the exercise of that discretion. Public justice requires the punishment of offenders; and as the defendants are indicted in Albany where the offence was committed, and not in Saratoga where they are imprisoned, they must be tried in Albany, or be discharged without a trial. It seems not only proper, therefore, but necessary that a *habeas corpus* should issue.

Whereupon a *habeas corpus* was issued. This day the sheriff made return to the writ that the prisoners had been

indicted in the county of Saratoga, for bringing into that county the property stolen in Albany; that they had been tried and convicted, and were under sentence of imprisonment in the state prison. Upon which all further proceedings on the *habeas corpus* were stayed.